Mark P. Robinson, Bar No. 54426
Kevin F. Calcagnie, Bar No. 108994
ROBINSON, CALCAGNIE & ROBINSON INC.
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Tel: (949) 720-1288
Fax: (949) 720-1292
mrobinson@rcrlaw.net
kcalcagnie@rcrlaw.net

Scott J. Ferrell, Bar No. 202091
Matthew R. Orr, Bar No. 211097
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:  (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
morr@calljensen.com

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES and ZIA NAWABI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MAXIMUM HUMAN PERFORMANCE, INC.; GERARD DENTE, an individual; SUPPLEMENT SERVICES LLC dba MUSCLEMEDS, INC.; STEVEN MARADA, an individual; GENERAL NUTRITION CORPORATION, doing business as GNC, and DOE DEFENDANTS 1-250, inclusive, <br><br> Defendants. | Case No.  SACV09-532 DOC (ANx) <br><br> **NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:         September 21, 2009 <br> Time:        8:30 a.m. <br> Place:       Courtroom 9D <br><br> Complaint Filed:   May 5, 2009 <br> Trial Date:          None Set |

**TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 8:30 a.m. on September 21, 2009, or as soon thereafter as the case may be heard, in Courtroom 9D of this Court, located at 411 West Fourth Street, Santa Ana, California, Plaintiffs Michael Gonzales and Zia Nawabi ("Plaintiffs") and Defendant Supplement Services, LLC, d/b/a MuscleMeds, Inc. and Xero Limits ("Defendant" and, together with Plaintiffs, the "Parties") will and hereby do jointly move for an order granting preliminary approval of class action settlement.

This motion is made pursuant to Federal Rule of Civil Procedure 23 and is based on this Notice, the accompanying Memorandum of Points and Authorities, the attached Declaration of Matthew R. Orr, a [*Proposed*] Order, the pleadings and papers on file in this matter, and any such other and further evidence and arguments as may hereafter be adduced.

Dated:  August 12, 2009

CALL, JENSEN & FERRELL
A Professional Corporation
Scott J. Ferrell
Matthew R. Orr

By:/s/ *Matthew R. Orr*
    Matthew R. Orr

Attorneys for Plaintiffs and the Class

Dated:  August 12, 2009

RIKER DANZIG SCHERER HYLAND
PERRETTI LLP
Shawn L. Kelly
Edward Gross

By:/s/ *Shawn L. Kelly*
    Shawn L. Kelly, Pro Hac Vice

Attorneys for Defendant, Supplement Services, LLC, d/b/a MuscleMeds, Inc. and Xero Limits

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                - 1 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF FACTS .......................................................................... 2

    A. Defendant Claims Laboratory Tests Conclude That Arimatest® and Novatest Can Boost Testosterone Levels By 10,000% ........................................................................................ 2

    B. On May 5, 2009, Plaintiffs Filed this Class Action Suit .................. 2

    C. The Parties Entered into the Settlement Agreement ........................ 2

    D. The Class Representatives Oversaw This Litigation At Personal Risk ..................................................................................... 2

    E. Class Counsel Employed Their Exceptional Knowledge, Skill, And Experience In Bringing This Case To A Successful Conclusion ................................................................... 3

III. TERMS OF SETTLEMENT ...................................................................... 3

    A. The Settlement Class ....................................................................... 4

    B. Compensation To The Settlement Class ......................................... 4

        1. Injunction ................................................................................ 4

        2. Cash Payments and Coupons .................................................. 4

    C. Incentive Compensation to Class Representatives ........................... 5

    D. Attorneys' Fees And Costs ............................................................... 5

    E. Settlement Administration And Notice ............................................ 5

    F. Release Of The Defendant ............................................................... 5

IV. THE PRELIMINARY APPROVAL PROCESS .......................................... 6

V. THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY APPROVAL ..................................................................... 9

    A. The Factors For Preliminary Settlement Approval Are Easily Met Here ................................................................................. 9

        1. The Settlement Is Fair Considering The Strength Of Plaintiffs' Case and The Defenses Of Defendant .................... 9

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

GON02-01:523816_5.DOC:8-12-09

# TABLE OF CONTENTS(con't)

Page

2. The Settlement Is Fair In Light Of The Significant Anticipated Risk, Expense, Complexity, And Duration Of Further Litigation..................................................10

3. There Is A Genuine Risk Of Not Obtaining Class Certification And if Obtained Maintaining Class Action Status Through Trial Given Defendant's Likely Motion To Decertify The Class.............................10

4. The Amount Offered In Settlement Is Substantial And Fair To The Class ....................................................12

5. The Settlement Was Reached After Sufficient Informal Discovery ..............................................13

6. The Settlement Was Reached By Highly Competent And Experienced Counsel....................................14

7. This Settlement Is The Product Of Informed, Arm's-Length Negotiations ..............................................15

VI. THE PROPOSED ATTORNEYS' FEES AND INCENTIVE COMPENSATION ARE FAIR AND REASONABLE...........................15

VII. THE PROPOSED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND...................................16

VIII. THE PROPOSED ADMINISTRATIVE SERVICES .........................17

IX. SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE.........................................................18

X. CONCLUSION..............................................................18

CALL, JENSEN & FERRELL A PROFESSIONAL CORPORATION

GON02-01:523816_5.DOC:8-12-09    - ii -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

<u>Page</u>

## FEDERAL CASES

<u>Barcia v. Contain-A-Way, Inc.,</u>
   2009 WL. 587844 (S.D. Cal. 2009) ................................................................. 16

<u>Bogosian v. Gulf Oil Corp.,</u>
   621 F. Supp. 27 (E.D. Pa. 1985) ..................................................................... 16

<u>In re Chicken Anti-Trust Litigation,</u>
   560 F. Supp. 957 (N.D. Ga. 1980) .................................................................... 8

<u>Churchill Village LLC v. General Electric,</u>
   361 F.3d 566 (9th Cir. 2004) .......................................................................... 17

<u>Class Plaintiffs v. City of Seattle,</u>
   955 F.2d 1268 (9th Cir. 1992) ...................................................................... 6, 8

<u>Ingram v. The Coca-Cola Co.,</u>
   200 F.R.D. 685 ............................................................................................... 16

<u>Cotton v. Hinton,</u>
   559 F.2d 1326 (5th Cir. 1977) ..................................................................... 8, 14

<u>In re Dun & Bradstreet Credit Services Customer Litigation,</u>
   130 F.R.D. 366 (S.D. Ohio 1990) ................................................................... 16

<u>Glass v. UBS Finance Services,</u>
   2007 U.S. Dist. LEXIS 8476 (N.D. Cal. 27, 2007) ........................................ 16

<u>In re Global Crossing Sec. and ERISA Litigation,</u>
   225 F.R.D. 436 (E.D. Pa. 2000) ..................................................................... 12

<u>Haley v. Medtronic, Inc.,</u>
   169 F.R.D. 643 (C.D. Cal. 1996) .................................................................... 11

<u>Hammon v. Barry,</u>
   752 F. Supp. 1087 (D. D.C. 1990) .................................................................... 8

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                     - iii -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

**TABLE OF AUTHORITIES (con't)**

Page

Hanlon v. Chrysler Corp.,
150 F.3d 1011 (9th Cir. 1998)..................................................................7, 10, 11, 16

In re Heritage Bond Litigation,
2005 WL. 1594403 (C.D. Cal. June 10, 2005) ........................................................ 12

Lerwill v. Inflight Motion Pictures, Inc.,
582 F.2d 507 (9th Cir. 1978)...................................................................................... 11

Linney v. Cellular Alaska Partnership,
151 F.3d 1234 (9th Cir. 1998)..................................................................................... 12

M. Berenson Co., Inc. v. Faneuil Hall Marketplace,
671 F. Supp. 819 (D. Mass. 1987) ........................................................................... 15

Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.,
834 F.2d 677 (7th Cir. 1987)........................................................................................ 8

In re Mego Fin'l Corp. Sec. Litigation,
213 F.3d 454 (9th Cir. 2000)...................................................................................... 12

Mendoza v. Tucson Sch. District No. 1,
623 F.2d 1338 (9th Cir. 1980)..................................................................................... 17

In re Mexico Money Transfer Litigation,
164 F. Supp. 2d 1002 (N.D. Ill. 2000) ..................................................................... 13

Molski v. Gleich,
318 F.3d 937 (9th Cir. 2003)........................................................................................ 7

Mortimore v. FDIC,
197 F.R.D. 432 (W.D. Wash. 2000) .......................................................................... 11

National Rural Tele. Cooperative v. DIRECTV, Inc.,
221 F.R.D. 523 (C.D. Cal. 2004)....................................................... 8, 9, 10, 12, 13, 14

Officers for Justice v. Civil Serv. Commission,
688 F.2d 615 (9th Cir. 1982)........................................................................................ 8

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

# TABLE OF AUTHORITIES (con't)

Page

In re Omnivision Tech., Inc.,
   559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008)............................................... 12

In re Paine Webber Ltd. Partnerships Litigation,
   171 F.R.D. 104 (S.D.N.Y. 1997) ......................................................... 14

Priddy v. Edelman,
   883 F.2d 438 (6th Cir. 1989)............................................................. 8

Slaven v. BP America, Inc.,
   190 F.R.D. 649 (C.D. Cal. 2000) ....................................................... 11

Sommers v. Abraham Lincoln Federal Savings & Loan Association,
   79 F.R.D. 571 (E.D. Pa. 1978)........................................................... 8

Steinberg v. Carey,
   470 F. Supp. 471 (D. N.Y. 1979)........................................................ 8

Van Vranken v. Atlantic Richfield Co.,
   901 F. Supp. 294 (N.D. Cal. 1995) ................................................. 15, 16

West v. Circle K. Stores, Inc.,
   2006 WL. 1652598 (E.D. Cal. 2006)................................................... 9

Young v. Polo Retail, LLC,
   2007 WL. 951821 (N.D. Cal. March 28, 2007)........................................ 10

## FEDERAL STATUTES

Fed. R. Civ. Proc. 23 ...................................................................... 1, 16

Fed. R. Civ. Proc. 23(a)(1) ............................................................... 11

Fed. R. Civ. Proc. 23(a)(3) ............................................................... 11

Fed. R. Civ. Proc. 23(e)(1) ............................................................... 16

Fed. R. Civ. Proc. 23(e)(2) ............................................................... 1

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                          - v -

NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

# TABLE OF AUTHORITIES (con't)

<u>Page</u>

## OTHER AUTHORITY

Manual for Complex Litigation, 3rd, § 30.41 (2009) ........................................................ 7

Newberg on Class Actions (4th Ed. 2008)............................................................. 6, 7, 8, 9

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09          - vi -

NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Michael Gonzales and Zia Nawabi, individually, and on behalf of the Settlement Class ("Plaintiffs") filed suit to prevent Supplement Services, LLC, d/b/a MuscleMeds, Inc. and Xero Limits ("Defendant") from advertising that its products can boost testosterone levels by "10,000%".  Now, after a thorough investigation of the facts, analysis of the science, and makeup of the products at issue, Arimatest® and Novatest (the "Products"), Plaintiffs and Defendant (collectively, the "Parties") have reached a settlement ("Settlement") that Plaintiffs believe accomplishes their fundamental goal of providing consumers with the information necessary to make an informed choice about Defendant's products.   The Settlement also provides consideration to class members who purchased the products based upon the alleged misleading labels and/or advertising.

As set forth in the Settlement Agreement attached as Exhibit 1 to the Declaration of Matthew R. Orr ("Orr Decl."), the Settlement requires Defendant to modify the packaging of the Products with a clear disclaimer notifying consumers that the testing methodologies used in connection with the Products vary and that the advertised results may not be typical.  The Settlement further provides for the creation of a Common Fund, valued at $2,155,000.00, to, in part, pay class member claims.  In short, the Settlement offers maximum value to the class based on the particular strengths and weaknesses of this case and was the result of arm's length negotiations between the Parties. The settlement is "fair, reasonable, and adequate" and preliminary approval is appropriate. Fed R. Civ. Proc. 23(e)(2).

With this motion, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the proposed Settlement; (2) for settlement purposes only, provisionally certify the proposed settlement class; (3) approve the proposed Notice Plan, the settlement administration services, and forms of notice; (4) preliminarily approve the application for payment of Class Counsels' fees and enhanced fees to

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                              - 1 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1  Plaintiffs as class representatives; and (5) schedule a formal fairness hearing on final

2  settlement approval at the Court's convenience on or after December 7, 2009.

3

4  **II.    STATEMENT OF FACTS**

5  **    A.    Defendant Claims Laboratory Tests Conclude That Arimatest® and**

6  **          Novatest Can Boost Testosterone Levels By 10,000%**

7  Defendant   is   a   leading   seller   and   distributor   of   testosterone-boosting

8  supplements.  Defendant markets and, through retailers, sells Arimatest® and Novatest

9  to customers throughout the United States at more than $60.00 per package. · Defendant

10 claims that the Products can boost testosterone levels by 10,000% and attributes that

11 percent increase to tests conducted by ZRT Laboratories.

12 **    B.    On May 5, 2009, Plaintiffs Filed this Class Action Suit**

13 As the Court's docket shows, Plaintiffs Michael Gonzales and Zia Nawabi filed

14 this suit on May 5, 2009 on behalf of themselves and all persons located within the

15 United States who purchased Defendant's Products from May 6, 2005 to the present.

16 **    C.    The Parties Entered into the Settlement Agreement**

17 Facing the prospect of an impending motion for class certification as well as a

18 motion  for  preliminary  injunction,  Defendant,  although  denying  any  liability  or

19 wrongdoing, promptly engaged Plaintiffs in discussions aimed at resolving the present

20 dispute.  Over the course of the next month, the parties conducted several settlement

21 conferences, resulting in the June 22, 2009 settlement agreement.  The Parties believe

22 the Settlement represents a favorable outcome based on the uncertainties of the

23 litigation.

24 **    D.    The Class Representatives Oversaw This Litigation At Personal Risk**

25 Plaintiffs sued Defendant, at substantial personal risk, to vindicate their belief

26 that supplement users have the right to know what they are buying and ingesting and

27 that Defendant should not be allowed to induce consumers to buy its products based on

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                          - 2 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1  allegedly false claims. Plaintiffs exposed themselves to significant personal risk by

2  bringing this lawsuit.

3       Plaintiffs also took very seriously their roles as fiduciaries to the class by

4  overseeing this litigation.  Plaintiffs reviewed all significant filings and documents in

5  the case, received regular updates from counsel regarding the case, and were

6  instrumental in achieving the Settlement.

7       **E.    Class Counsel Employed Their Exceptional Knowledge, Skill, And**

8            **Experience In Bringing This Case To A Successful Conclusion**

9       Plaintiffs assert that they are represented by two prominent law firms with

10 extensive experience in complex and class action litigation.  Robinson, Calcagnie &

11 Robinson is one of the finest Plaintiffs litigation firms in the nation, with a remarkable

12 track record of experience and success representing consumers in a variety of complex

13 litigation, class actions, and multi-district litigation.  Similarly, Call, Jensen & Ferrell is

14 also a well-respected firm with substantial experience in class action litigation.  Over

15 the last five years, Call, Jensen & Ferrell has participated in at least fifty class action

16 lawsuits in California state and federal courts.

17      In this case, Plaintiffs believe Class Counsel performed well.  They thoroughly

18 investigated Defendant's testosterone claims, analyzed the testing utilized by Defendant

19 to allegedly support their claim, were prepared to file and serve a motion for class

20 certification and a motion for preliminary injunction, and worked cooperatively with

21 ZRT Laboratories to understand the methodologies and results achieved related to the

22 testosterone claims.  (Orr Decl., ¶ 3)  Class Counsel has aggressively advocated for

23 Plaintiffs and the Class at all times.  At final approval, Plaintiffs' counsel anticipates

24 having spent in excess of 375 hours on this matter.  (Orr Decl., ¶ 4)

25

26 **III.   TERMS OF SETTLEMENT**

27      The Settlement Agreement is attached as <u>Exhibit 1</u> to the Orr Declaration, and a

28 summary of the key terms is discussed below.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09          - 3 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

### A.    The Settlement Class

The Settlement Class includes all persons who purchased Defendant's Products in the United States, its territories, or commonwealths for personal use and not for resale from January 1, 2008 through the date of preliminary approval. Excluded from the Settlement Class are: (1) all persons who validly opt out of the settlement in a timely manner; (2) counsel of record (and their respective law firms) for the parties; (3) the presiding judge in the case and all of his relatives within the third degree of consanguinity; (4) anyone who entered into a release with Defendant regarding the Products prior to the effective date of the Settlement; (5) any one who received compensation from Defendant to endorse the Products; and (6) Defendants named in the Complaint and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers and directors.

### B.    Compensation To The Settlement Class

#### 1.    Injunction

The Settlement Agreement provides for an injunction prohibiting Defendant from making advertisement and label claims, known to be untrue, regarding the efficacy of the Products. Furthermore, Defendant agrees that beginning no later than 90 calendar days after preliminary approval, all packaging for the Products shall contain the following disclaimer in clear and conspicuous language: "Testing methodologies vary. Advertised results may not be typical."

#### 2.    Cash Payments and Coupons

Within ten (10) business days of preliminary approval of the Settlement, Defendant shall establish a Common Fund having an aggregate value of $2,155,000.00, of which $1,480,000.00 will be cash. The remaining portion of the Common Fund will consist of coupons having an aggregate value of $675,000.00. Authorized claimants shall receive a cash payment from the Common Fund of $10.00 for each Product purchased during the Class Period as a well as a coupon valued at $7.50 for credit against the purchase at a GNC store of not less than $50.00 of Defendant's products.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                    - 4 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1   The coupon shall expire one year from the Effective Date and the maximum cash
2   payment to any authorized claimant shall be $20.00.

3   **C.     Incentive Compensation to Class Representatives**

4   The Settlement permits Plaintiffs to apply for incentive compensation in an
5   amount not to exceed $5,000 each. Defendant agrees not to oppose such an application,
6   provided the requests do not exceed the above amounts. This compensation shall be
7   paid from the Common Fund within ten (10) calendar days of the Effective Date.

8   **D.     Attorneys' Fees And Costs**

9   The Settlement provides that Defendant will not contest Class Counsel's
10  application to this Court for payment of up to $480,000.00 in attorneys' fees and costs
11  to be paid from the Common Fund. This amount, which was negotiated only after the
12  substantive terms of the Settlement were agreed upon, reflects a modest multiplier of
13  less than 1.75 times Class Counsel's approximate lodestar. (Orr Decl., ¶ 5)

14  **E.     Settlement Administration And Notice**

15  As set forth in the Settlement, all costs of notice and claims administration will be
16  paid by Defendant. Within 10 days after the entry of the Preliminary Approval Order,
17  the parties will, through the Settlement Administrator and in compliance with the
18  Notice Plan, provide direct notice by traditional mail or e-mail to Settlement Class
19  Members for whom Defendant has an address. The Settlement Administrator will also
20  publish a summary publication notice in the national edition of USA Today. The
21  Settlement Administrator shall also create a website for the purpose of providing notice,
22  claim forms, and other information to members of the Settlement Class.

23  **F.     Release Of The Defendant**

24  As set forth in the Settlement, Plaintiffs and the Settlement Class shall release
25  Defendant and all present and former parent companies, shareholders, officers,
26  directors, employees, agents, servants, registered representatives, attorneys, insurers,
27  affiliates, and successors and assigns, manufacturers, retailers, suppliers, distributors,
28  endorsers, consultants, and any and all other entities or persons upstream and

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1    downstream in the production/distribution channels in regard to the Products on a

2    national basis, including a release of all known and unknown claims asserted or

3    unasserted, related to the packaging, labeling, ingredients, advertising and/or promotion

4    of the Products, including but not limited to the claim that it boosts testosterone levels

5    by up to 10,000%. The release shall not extend to claims by Settlement Class Members

6    related to personal injuries related to the Product. In addition, Plaintiffs and the

7    Settlement Class shall release the manufacturer of the Product, Advanced Oral

8    Technologies and the other named defendants in the Lawsuit, Maximum Human

9    Performance, Inc., Gerard Dente, Steven Marada, and General Nutrition Corporation,

10   d/b/a GNC, as well as releasing all other products of the Defendant for which ZRT

11   Laboratory, LLC performed one or more laboratory tests, including but not limited to

12   Arimatest®, Novatest, and Hexaghen®. In addition, the Parties shall mutually release

13   Riker Danzig Scherer Hyland & Perretti LLP; Robinson, Calcagnie & Robinson Inc.;

14   and Call, Jensen & Ferrell, APC and all of their representatives from any and all claims,

15   known and unknown.

16

17   **IV.   THE PRELIMINARY APPROVAL PROCESS**

18         Federal courts strongly favor and encourage settlements, particularly in class

19   action and other complex matters where the inherent costs, delays, and risks of

20   continued litigation might otherwise overwhelm any potential benefit the class could

21   hope to obtain. See Class Plaintiffs v. City of Seattle, 955 F. 2d 1268, 1276 (9th Cir.

22   1992) (noting that "strong judicial policy . . . favors settlements, particularly where

23   complex class action litigation is concerned."); see also Newberg on Class Actions (4th

24   Ed. 2008) ("Newberg") § 11.41 (citing cases).

25         Approval of a class action settlement involves a two-step process. First, counsel

26   for the parties submit the proposed terms of settlement, and the court makes a

27   preliminary fairness evaluation. The court examines the terms for overall fairness,

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

considering among other things the factors it may later weigh in considering whether to grant final approval, including:

1)  The strength of the plaintiff's case;

2)  The risk, expense, complexity and likely duration of further litigation;

3)  The risk of maintaining class action status throughout the trial;

4)  The amount offered in settlement;

5)  The extent of discovery completed and the stage of the proceedings;

6)  The experience and views of counsel;

7)  The presence of a governmental participant; and

8)  The reaction of the class members to the proposed settlement.

Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1996); Molski v. Gleich, 318 F.3d 937, 956 (9th Cir. 2003).

Second, if the preliminary evaluation reveals no obvious deficiencies or grounds to doubt the fairness of the settlement, the court should direct that notice be given to class members of a final fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement. Newberg, § 11.25; Manual for Complex Litigation, 3rd, § 30.41 (2009).

In the preliminary evaluation, the Court's task is to determine whether the proposed settlement is within the "range of reasonableness," and whether it is appropriate to notify the class of the terms of the settlement and schedule a formal fairness hearing. Newberg, § 11.25. According to the Manual for Complex Litigation:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the Class Members of a Formal Fairness Hearing, at which evidence may be presented in support of and in opposition to the settlement.

Manual for Complex Litigation, 3rd, § 30.44 (2009).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                                    -7-
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1   In the preliminary fairness evaluation, a court should be mindful of the "strong

2   presumption" that an agreed-upon settlement is fair. Cotton v. Hinton, 559 F.2d 1326,

3   1331 (5th Cir. 1977). "In most situations, unless the settlement is clearly inadequate, its

4   acceptance and approval are preferable to lengthy and expensive litigation with

5   uncertain results." National Rural Tele. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 526

6   (C.D. Cal. 2004) ("NRTC"). Further, in approving a settlement,

7          [t]he court need not "reach any ultimate conclusions on the
           contested issues of fact and law which underlie the merits of
8          the dispute, for it is the very uncertainty of outcome in
9          litigation and avoidance of wasteful and expensive litigation
           that induce consensual settlements.
10

11  Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1291 (9th Cir. 1992) (quoting Officers

12  for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982)).

13  Absent evidence of fraud or collusion, courts presume that no such improprieties

14  tainted the negotiations, and that they were conducted in good faith. Newberg, supra, §

15  11.51; In re Chicken Anti-Trust Litigation, 560 F. Supp. 957, 962 (N.D. Ga. 1980);

16  Priddy v. Edelman, 883 F. 2d 438, 447 (6th Cir. 1989); Mars Steel Corp. v. Continental

17  Illinois National Bank and Trust Co., 834 F.2d 677, 681 (7th Cir. 1987). Courts are not

18  to second-guess the parties, or substitute their judgment for that of the proponents of the

19  settlement, particularly when the settlement has been reached by experienced counsel

20  familiar with the litigation. Hammon v. Barry, 752 F. Supp. 1087 (D. D.C. 1990);

21  Steinberg v. Carey, 470 F. Supp. 471 (D. N.Y. 1979); Sommers v. Abraham Lincoln

22  Federal Savings & Loan Ass'n, 79 F.R.D. 571 (E.D. Pa. 1978).

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                - 8 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1    **V.     THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY**
2            **APPROVAL**

3            **A.     The Factors For Preliminary Settlement Approval Are Easily Met**
4                    **Here**

5            The purpose of preliminary evaluation of a proposed class action settlement is to
6    determine whether the settlement is within the "range of reasonableness."  Newberg §
7    11.25.   While the Court need not at this stage determine whether the proposed
8    Settlement is fair and adequate for purposes of final approval, see West v. Circle K.
9    Stores, Inc., 2006 WL 1652598, *9 (E.D. Cal. 2006), a review of the final approval
10   factors shows this Settlement falls squarely within the range of fairness and adequacy
11   for preliminary approval.

12           **1.     The Settlement Is Fair Considering The Strength Of Plaintiffs'**
13                   **Case and The Defenses Of Defendant**

14           This factor requires the Court to balance the strength of the Plaintiffs' case on the
15   merits against the amount offered in settlement.  See NRTC, 221 F.R.D. at 526 (citing
16   Moore Fed. Practice, § 23.85[2][b]).  "A proposed settlement is not to be judged against
17   a speculative measure of what might have been awarded in a judgment in favor of the
18   class."  Id.

19           Here, Plaintiffs are confident in the merits of their claims.  Based on extensive
20   investigation, informal discovery, and expert analysis, Plaintiffs believe they could
21   defeat any dispositive motions by Defendant going forward and proceed to trial.
22   Plaintiffs also believe they could demonstrate at trial that Defendant's marketing of its
23   Products claiming a boost in testosterone levels by 10,000% is misleading.
24   Nevertheless, Plaintiffs recognize that Defendant will raise several factual and legal
25   defenses that, if successful, would defeat or substantially impair the value of Plaintiffs'
26   claims, including but not limited to, issues related to reliance, complicated scientific
27   analysis and justification for the targeted marketing and advertising, as well as common
28   defenses to class certification.  Within these parameters, Plaintiffs' counsel submits that

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC-8-12-09                        - 9 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1  the consideration to be paid to the Settlement Class is commensurate with the strength

2  of the claims raised in this lawsuit, especially given the uncertainties and expenses of

3  litigation.

4          **2.**    **The Settlement Is Fair In Light Of The Significant Anticipated**

5             **Risk, Expense, Complexity, And Duration Of Further Litigation**

6      When considering the fairness of settlement, courts consider the risk, expense,

7  complexity and likely duration of further litigation.  See Hanlon v. Chrysler Corp., 150

8  F.3d at 1026.  "In most situations, unless the settlement is clearly inadequate, its

9  acceptance and approval are preferable to lengthy and expensive litigation with

10  uncertain results."  NRTC, 221 F.R.D. at 526 (internal quotations omitted).  "It has been

11  held proper to take a bird in hand instead of a prospective flock in the bush."  Id.

12      Here, given the complexity of the claims and the tenor and tenacity of the

13  litigation that would follow, it is indisputable that further litigation of this matter –

14  which would likely include extensive discovery, trial preparation, and trial – would be

15  hard-fought, lengthy, and tremendously expensive.  "Considerably more risk, to say

16  nothing of effort and expense, would be entailed in taking these next steps."  Young v.

17  Polo Retail, LLC, 2007 WL 951821, at *3 (N.D. Cal. March 28, 2007).  Moreover, it is

18  not uncommon to see complex jury questions yield unpredictable verdicts – assuming a

19  verdict can be reached at all.  No one – particularly the Class members – profits from

20  such a scenario.  See NRTC, 221 F.R.D. at 527 ("Avoiding such a trial and the

21  subsequent appeals in this complex case strongly militates in favor of settlement rather

22  than further protracted and uncertain litigation.").

23          **3.**    **There Is A Genuine Risk Of Not Obtaining Class Certification**

24             **And if Obtained Maintaining Class Action Status Through Trial**

25             **Given Defendant's Likely Motion To Decertify The Class**

26      Plaintiffs believe each of the four prerequisites for class certification would be

27  met in this case.  "The prerequisite of numerosity is discharged if 'the class is so large

28  that joinder of all members is impracticable.'"  Hanlon v. Chrysler Corp., 150 F.3d

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1  1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).  Here, the total class size

2  is estimated to consist of one hundred thousand consumers and thus, the numerosity

3  prerequisite would likely be satisfied.  See Slaven v. BP Am., Inc., 190 F.R.D. 649, 654

4  (C.D. Cal. 2000) (citations omitted) (numerosity satisfied when class size exceeds 40

5  members).

6        Courts have described the showing needed to meet the commonality requirement

7  as "minimal" and "not high."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir.

8  1998); accord Mortimore v. FDIC, 197 F.R.D. 432, 436 (W.D. Wash. 2000).  Here, the

9  case is based on a blanket uniform representation made to every class member on each

10  product sold.  Accordingly, commonality should be established as the claims of all class

11  members "stem from the same source."  See Hanlon, 150 F.3d at 1019-20.

12        "The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of

13  the representative parties are typical of the claims or defenses of the class.'"  Hanlon,

14  150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(3)).  Here, Plaintiffs' claims are

15  identical to the claims of the proposed class.  Plaintiffs purchased Defendant's products

16  based upon the representation that they would boost testosterone 10,000%.  Plaintiffs'

17  claims pose the same questions of law and fact as the class members and arise from the

18  same representations that give rise to the claims of the other class members.

19        Finally, the class representatives do not have interests antagonistic to the

20  remainder of the class.  Lerwill v. Inflight Motion Pictures, Inc., 582 F. 2d 507, 512 (9th

21  Cir. 1978).  Also, as set forth herein, Plaintiffs contend they and the class they seek to

22  represent are represented by qualified and competent counsel.  See Haley v. Medtronic,

23  Inc., 169 F.R.D. 643, 650 (C.D. Cal. 1996).

24        Notwithstanding the foregoing, and particularly considering that the Court has

25  not ruled on class certification, there is a risk that the class in this case would not be

26  certified.  Furthermore, if the Court were to certify the class, Defendants would

27  undoubtedly move to decertify the class.  Further, it is always possible that facts could

28  come to light before or during trial that would jeopardize the class action status of the

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09          - 11 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1  lawsuit or at least alter the contours of the Class itself.  See e.g., <u>In re Heritage Bond</u>

2  <u>Litig.</u>, 2005 WL 1594403, at *10 (C.D. Cal. June 10, 2005) (concluding factor weighed

3  in favor of final approval even though court had previously certified the class because

4  "it is conceivable that the class could be decertified or modified if the litigation were to

5  continue.").

6      **4.**    **The Amount Offered In Settlement Is Substantial And Fair To**

7              **The Class**

8      It is well settled that a proposed settlement may be acceptable even though it

9  amounts to only a fraction of the potential recovery that might be available to the class

10  members at trial.[1]  See e.g., <u>NRTC</u>, 221 F.R.D. at 527 (C.D. Cal. 2004) ("well settled

11  law that a proposed settlement may be acceptable even though it amounts to only a

12  fraction of the potential recovery"); <u>In re Global Crossing Sec. and ERISA Litig.</u>, 225

13  F.R.D. 436, 460 (E.D. Pa. 2000) ("the fact that a proposed settlement constitutes a

14  relatively small percentage of the most optimistic estimate does not, in itself, weigh

15  against the settlement; rather, the percentage should be considered in light of strength of

16  the claims."); <u>In re Omnivision Tech., Inc.</u>, 559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9,

17  2008) (court approved settlement of $13.75 million "which is just over 9% of the

18  maximum potential recovery asserted by either party"); <u>In re Mego Fin'l Corp. Sec.</u>

19  <u>Litig.</u>, 213 F. 3d 454, 459 (9th Cir. 2000).  Here, the cash portion of the settlement

20  amounting to $10.00 for each Product purchased represents 15.38% of the average retail

21  price of $65.00.

22      In addition to the value provided by the cash payment and injunctive relief

23  provisions, the Settlement Agreement also provides value in the form of coupons, which

24  will be given to all authorized claimants.  This relief provides value to class members,

25  who are likely to continue purchasing the products, which is not inconsistent with the

26

27  [1] See <u>Linney v. Cellular Alaska Partnership</u>, 151 F. 3d 1234, 1242 (9th Cir. 1998) ("the

28  very essence of a settlement is compromise, a yielding of absolutes and an abandoning
of highest hope") (internal citations omitted).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09        - 12 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1  claims made by Plaintiffs.  Here, Plaintiffs believe they have achieved their primary

2  goal of enjoining Defendant's alleged false advertising of the Products.  While this

3  action addresses the alleged false advertising and labeling of Defendant's products, it

4  does not assert that the products were ineffective or harmful.  Plaintiffs' claims were

5  directed at the advertising for the products, not the products themselves.

6      Relief in the form of coupons or discounts on future sales may provide substantial

7  value where Class members are likely to continue doing business with the settling

8  defendant.  See In re Mexico Money Transfer Litig., 164 F.Supp. 2d 1002, 1018 (N.D.

9  Ill. 2000).  Here, class members are likely to continue to use the products and receive

10  benefits from them.  Because class members likely perceive value in the products and

11  are likely to continue using the products, the forward-looking relief in the form of

12  coupons provided in the settlement agreement offers true benefits to class members.

13  See Id. (discussing features of coupons favoring approval, including redemption period,

14  ready availability, and ease of redemption).  In short, given the risks and uncertainty of

15  the litigation, the overall benefits to the Class of this Settlement make the Settlement

16  fair, adequate, and reasonable.

17      **5.    The Settlement Was Reached After Sufficient Informal Discovery**

18      "A settlement following sufficient discovery and genuine arms'-length

19  negotiation is presumed fair."  NRTC, 221 F.R.D. at 528.  Here, the Parties completed

20  sufficient informal discovery and investigations of the factual and legal issues to

21  determine the strengths and weaknesses of their respective claims and defenses.  While

22  further discovery could bring new developments, both Parties feel comfortable with the

23  benefits of settlement at this stage of the litigation and prefer not to risk the uncertainty

24  and expenses of extensive discovery, pre-trial litigation, and trial.  Furthermore, moving

25  forward with the case could result in additional costs and fees on both sides that could

26  make a future settlement exceedingly difficult.

27  / / /

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09              - 13 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

### 6.   The Settlement Was Reached By Highly Competent And Experienced Counsel[2]

"'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." NRTC, 221 F.R.D. at 528 (quoting In re Paine Webber Ltd. Partnerships Litig., 171 F.R.D. 104, 125 (S.D.N.Y. 1997). "Thus the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute [her] own judgment for that of counsel." Id. (quoting Cotton v. Hinton, 559 F. 2d 1326, 1330 (5th Cir. 1977).

Here, Plaintiffs assert Class Counsel has the experience, background and resources necessary to competently represent the interests of the Class and to determine that the settlement was in the best interests of the Class. As discussed above, Robinson, Calcagnie & Robinson is one of the finest Plaintiffs' litigation firms in the nation with extensive experience in complex litigation, class actions, and multi-district litigation. Similarly, Call, Jensen & Ferrell is also a well-respected firm with substantial experience in class action litigation, having participated in at least fifty class action lawsuits in California state and federal courts. (Orr Decl., ¶ 6)

In this lawsuit, Plaintiffs believe Class Counsel worked diligently to represent the Class and protect its interests and as a result have achieved a Settlement they believe to be in the best interests of the Class. Class Counsel thoroughly investigated Defendant's testosterone boosting claims, analyzed the testing utilized by Defendant to allegedly support its claim, filed the complaint and prepared a motion for class certification and a motion for preliminary injunction, and worked closely with ZRT Laboratories, the company that conducted the testing responsible for the claim at the heart of the present litigation. (Orr Decl., ¶ 7) Class Counsel has aggressively advocated for Plaintiffs and the Class at all times.

---

[2] The factors regarding "the presence of a governmental participant" and the "reaction of the class members to the settlement" do not currently apply because the government is not a participant and notice has not yet been provided to the class regarding the settlement.

**7.    This Settlement Is The Product Of Informed, Arm's-Length Negotiations**

Arm's-length negotiations, conducted by competent counsel, constitute prima facie evidence of a fair settlement.   See M. Berenson Co., Inc. v. Faneuil Hall Marketplace, 671 F. Supp. 819, 822 (D. Mass. 1987) ("where . . . a proposed class settlement has been reached after meaningful discovery, after arm's-length negotiations by capable counsel, it is presumptively fair."). Here, as previously discussed, the Settlement is the product of informed, arm's-length negotiations and represents competent counsel's evaluation, after sufficient investigation, of the strengths and weaknesses of their respective cases. (Orr Decl., ¶ 8).

## VI.    THE    PROPOSED    ATTORNEYS'    FEES    AND    INCENTIVE COMPENSATION ARE FAIR AND REASONABLE

The Settlement provides that Defendant will not contest Class Counsel's application to this Court for payment of up to $480,000.00 in attorneys' fees and costs. The Settlement also proposes incentive awards of $5,000 for each class representative. Class counsel will file declarations of service, detailing the services rendered to the class, in advance of the final fairness hearing.

Factors to consider for an incentive award are: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. See e.g., Van Vranken v. Atlantic Richfield Co., 901 F. Supp. 294, 299-300 (N.D. Cal. 1995).

Here, Plaintiffs' contend that the modest incentive awards sufficiently compensate them for their effort in the suit and for the personal and professional risk they faced in their representations. Thus, the incentive awards requested here are well

1  within the reasonable range.  See e.g., <u>Ingram v. The Coca-Cola Co.</u>, 200 F.R.D. 695-

2  694 (approving incentive awards of $300,000 to each named plaintiff for responding to

3  discovery, participating in the mediation process and taking the risk of stepping forward

4  on behalf of the class, and $3,000 for each person who executed an affidavit, in

5  recognition of contribution to litigation that entailed risk and effort); <u>Van Vranken v.</u>

6  <u>Atlantic Richfield Co.</u>, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) (approving $50,000

7  participating award); <u>Glass v. UBS Fin. Servs.</u>, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal.

8  27, 2007) (court approved $25,000 incentive award to class representatives); <u>Barcia v.</u>

9  <u>Contain-A-Way, Inc.</u>, 2009 WL 587844, *5 (S.D. Cal. 2009) (Court approved $12,000

10  incentive award for each class representative); <u>In re Dun & Bradstreet Credit Servs.</u>

11  <u>Customer Litig.</u>, 130 F.R.D. 366, 376 (S.D. Ohio 1990) (compensating class

12  representatives for "time, risk and expenses" in amounts ranging from $35,000 to

13  $55,000); <u>Bogosian v. Gulf Oil Corp.</u>, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (stating "the

14  propriety of allowing modest compensation to class representatives seems obvious,"

15  thus awarding $20,000 to two named class representatives.)

16

17  **VII.  THE PROPOSED NOTICE PROGRAM IS CONSTITUTIONALLY**

18  **SOUND**

19      Federal statutory and case law vests the Court with broad discretion in fashioning

20  an appropriate notice program. Fed. R. Civ. P. 23. While "[a]dequate notice is critical

21  to court approval of a class settlement under Rule 23(e)," <u>Hanlon</u>, 150 F.3d at 1025,

22  there is no statutory or due process requirement that extraordinary efforts be made to

23  ensure that all Class Members receive actual notice by mail or other means.  Rather, the

24  rule provides that the Court "must direct notice in a reasonable manner to all class

25  members." Fed. R. Civ. Proc. 23(e)(1).

26      In this case, the Parties propose that that notice of the proposed settlement be

27  mailed or emailed to the addresses of all Class Members for whom Defendant has a

28  mailing or email address.  In addition, the Parties further propose that publication notice

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                  - 16 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1 | be provided in the national edition of the USA Today newspaper.  Finally, information
2 | about the settlement will be available on a website dedicated to the settlement, which
3 | will display the full class notice and downloadable claims forms, among other things.

4 | The settlement notice provides information on the meaning and nature of the
5 | proposed Settlement Class, the terms and provision of the proposed Settlement, the
6 | relief the Settlement will provide, the date, time and place of the final fairness hearing,
7 | and the procedure and deadlines for objecting to or opting out of the proposed
8 | Settlement.  See e.g., <u>Churchill Village LLC v. Gen. Elec.</u>, 361 F.3d 566, 575 (9th Cir.
9 | 2004) ("Notice is satisfactory if it 'generally describes the terms of the settlement in
10 | sufficient detail to alert those with adverse viewpoints to investigate and to come
11 | forward and be heard.'"), quoting <u>Mendoza v. Tucson Sch. Dist. No. 1</u>, 623 F.2d 1338,
12 | 1352 (9th Cir. 1980).  Finally, the claim form, which has been approved by the Parties,
13 | is clearly written and will be easy for the claimants to complete.[3]

14 |

15 | **VIII.  THE PROPOSED ADMINISTRATIVE SERVICES**

16 | The Parties have selected Simpluris, Inc. a California based administrative
17 | service company to provide the administrative services for the Settlement Class.
18 | Simpluris is an experienced administrative service company that has rendered quality
19 | services in many class action proceedings.  As provided in the Settlement Agreement,
20 | Simpluris will create a web site dedicated to the settlement, which will display the full
21 | class notice and a downloadable claim form.

22 | Simpluris will review each filed claim for compliance with the terms of the
23 | settlement and, when necessary, notify a claimant of any deficiencies.  Simpluris will
24 | also monitor objections and requests for exclusion filed by class members.

25 |

26 |

27 | [3] The claim form, the Settlement Notice and the Publication Notice are attached as
28 | Exhibits A, B and C to the Settlement Agreement, which is itself <u>Exhibit 1</u> to the Orr
Declaration.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                          - 17 -
NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1   Finally, Simpluris will mail cash payments and coupons to all authorized class
2   members.  The administrative procedures described above provide class members with
3   all the necessary information to make informed decisions regarding the settlement.

4

5   ## IX.   SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE

6   The last step in the Settlement approval process is a final fairness hearing at
7   which the Court may hear all evidence necessary to make its settlement evaluation.
8   Proponents of the Settlement may explain the terms and conditions of the Settlement
9   and offer argument in support of final approval.   In addition, the Settlement Class
10  Members, or their counsel, may be heard in support of or in opposition to the Settlement
11  Agreement.   The Court will determine after the final fairness hearing whether the
12  Settlement should be approved and whether to enter a final order and judgment under
13  Rule 23(e).  Plaintiffs request that the Court set a date for a hearing on final approval at
14  the Court's convenience on or after December 7, 2009.

15

16  ## X.   CONCLUSION

17  For all of the foregoing reasons, the Parties respectfully request that the Court:

18  (1)   Grant preliminary approval of the proposed Settlement;

19  (2)   For settlement purposes only, provisionally certify the proposed Settlement
20  Class;

21  (3)   Approve the proposed Notice Plan, the settlement administration services
22  and forms of notice;

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09                                    - 18 -

NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1      (4)    Preliminarily approve the application for payment of Class Counsel fees

2  and enhanced fees to Plaintiffs as class representatives; and

3      (5)    Schedule a formal fairness hearing on final Settlement approval at the

4  Court's convenience on or after December 7, 2009.

5

6  Dated: August 12, 2009                   CALL, JENSEN & FERRELL
                                              A Professional Corporation

7                                                Scott J. Ferrell
                                              Matthew R. Orr

8

9

10                                        By: */s/ Matthew R. Orr*
                                              Matthew R. Orr

11                                        Attorneys for Plaintiffs and the Class

12

13  Dated: August 12, 2009                   RIKER DANZIG SCHERER HYLAND
                                                PERRETTI LLP

14                                          Shawn L. Kelly
                                        Edward Gross

15

16

17                                        By: */s/ Shawn L. Kelly*
                                              Shawn L. Kelly, Pro Hac Vice

18                                        Attorneys for Defendant, Supplement Services,
                                      LLC, d/b/a MuscleMeds, Inc. and Xero Limits

19

20  3968862.4

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:523816_5.DOC:8-12-09          - 19 -

NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT