JS-6

Nunc Pro Tunc
To Dec 14, 2009

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 11 2010

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  Mark P. Robinson, Bar No. 54426
2  Kevin F. Calcagnie, Bar No. 108994
   Daniel S. Robinson, Bar No. 244245
3  ROBINSON, CALCAGNIE & ROBINSON INC.
   620 Newport Center Drive, 7th Floor
4  Newport Beach, CA 92660
   Tel: (949) 720-1288
5  Fax: (949) 720-1292
   mrobinson@rcrlaw.net
6  kcalcagnie@rcrlaw.net
7  drobinson@rcrlaw.net

8  Scott J. Ferrell, Bar No. 202091
   Matthew R. Orr, Bar No. 211097
9  Julie R. Trotter, Bar No. 209675
10 Scot D. Wilson, Bar No. 223367
   CALL, JENSEN & FERRELL
11 A Professional Corporation
   610 Newport Center Drive, Suite 700
12 Newport Beach, CA 92660
   Tel: (949) 717-3000
13 Fax: (949) 717-3100
14 sferrell@calljensen.com
   morr@calljensen.com
15 jtrotter@calljensen.com
   swilson@calljensen.com
16

17 Attorneys for Plaintiffs and the Class

18          UNITED STATES DISTRICT COURT
19      FOR THE CENTRAL DISTRICT OF CALIFORNIA
20

**NOTE CHANGES MADE BY COURT**

21 MICHAEL GONZALES and ZIA       Case No. SACV09-532 DOC (ANx)
   NAWABI, individually and on behalf of
22 all others similarly situated,         [PROPOSED] FINAL APPROVAL
                                          ORDER AND JUDGMENT
23          Plaintiff,
24
       vs.                                Date:     December 14, 2009
25                                        Time:     8:30 a.m.
26 MAXIMUM HUMAN PERFORMANCE,             Place:    9D
   INC.; GERARD DENTE, an individual;
27 SUPPLEMENT SERVICES LLC dba            Complaint Filed:    May 5, 2009
   MUSCLEMEDS, INC.; STEVEN
28 MARADA, an individual; GENERAL

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:589320_2.DOC:12-2-09          - 1 -
[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

NUTRITION CORPORATION, doing business as GNC, and DOE DEFENDANTS 1-250, inclusive,

Defendants.

The Court enters this Order and Judgment with reference to the following facts:

The above-referenced action was filed in this Court as a class action (the "Action");

The parties entered into a Settlement Agreement and Release (together with the exhibits thereto, the "Settlement Agreement"), the terms of which were preliminarily approved by this Court pursuant to its Order on or about September 29, 2009 (the "Preliminary Approval Order");

The settlement having come before this Court for final approval, after due and adequate notice to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in the action and no objections having been filed by Class Members or any other entity and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Capitalized terms and phrases used in this Order and not defined herein shall have the meaning ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all parties for purposes of the Action, including all Settlement Class Members.

3. This Court previously gave its preliminary approval of the settlement set forth in the Settlement Agreement. This Court hereby gives its final approval of the settlement set forth in the Settlement Agreement, finds that the settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms. The

Court further finds that Plaintiffs Michael Gonzales and Zia Nawabi (collectively, "Plaintiffs") and Class Counsel have adequately represented the Settlement Class.

4. For the purposes of this Judgment, the Court hereby certifies the following class for settlement purposes:

> "All persons who purchased the Product in the United States, its territories, or commonwealths for personal use and not for resale during the Class Period. Excluded from the Settlement Class are all persons who validly opted-out of the settlement in a timely manner who are listed in <u>Exhibit 1</u> attached hereto, counsel of record (and their respective law firms) for the Parties, defendants named in the Complaint and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; the presiding judge in the Action, and all of his relatives within the third degree of consanguinity; any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the Product; and, any natural person or entity that received any compensation from Defendant to endorse the Product."

5. With respect to the Settlement Class, this Court finds that: (a) the Settlement Class is ascertainable; (b) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (c) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (d) the claims of Plaintiffs are typical of the claims of the Settlement Class; (e) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6. Notice of the settlement has been properly provided to Class Members as set forth in the Settlement Agreement and as required by the Preliminary Approval Order.

7. Class notice was the best notice practicable under the circumstances and was due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process. The notice fully and accurately informed Settlement Class members of all material elements of the proposed class action settlement and of each member's right and opportunity to object to the proposed class action settlement.

8. The Court hereby appoints Plaintiffs as representatives for the Settlement Class, and appoints the law firms of Call, Jensen & Ferrell, APC and Robinson, Calcagnie & Robinson Inc. as Class Counsel. The Court finds that an award of $480,000 [struck through; handwritten: $380,800.00] in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class. Class Counsel is awarded $480,000 [struck through; handwritten: $380,800.00] in fees and costs and it is ordered that payment be made pursuant to the terms of the Settlement Agreement.

9. The Court finds that an incentive award to Plaintiffs of $5,000 each is fair and reasonable in light of (a) Plaintiffs' risks (including financial and professional) in commencing this action as the class representatives, (b) the time and effort spent by Plaintiffs in litigating this action as the class representatives, and (c) Plaintiffs' public interest service. Plaintiffs are awarded $5,000 each as an incentive award and it is ordered that payment be made pursuant to the terms of the Settlement Agreement.

10. All members of the Settlement Class shall be bound by the releases set forth in the Settlement Agreement and are permanently barred and enjoined from asserting against Defendant any claims released in the Settlement Agreement. In addition, Plaintiffs and the Settlement Class release the manufacturer of the Product, Advanced Oral Technologies and the other named defendants in the Lawsuit, Maximum Human Performance, Inc., Gerard Dente, Steven Marada, and General Nutrition

Corporation, d/b/a/ GNC, as well as releasing all other products of the Defendant for which ZRT Laboratory, LLC performed one or more laboratory tests, including but not limited to Hexaghen®.

11. Plaintiffs and Defendant shall be deemed to have mutually released each other, Class Counsel and Riker Danzig Scherer Hyland & Perretti from any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of this action, including, but not limited to, claims for attorneys' fees, costs of suit, or sanctions of any kind.

12. Neither the Settlement Agreement, including the agreement by Defendant to stipulate to the Settlement Class, nor any act performed or document executed pursuant to or in furtherance of the settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity of any released claim or of any wrongdoing or liability of Defendant; or (b) any fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendant may file the Settlement Agreement and/or this Final Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Dismissing with prejudice the Complaint against the defendants, Maximum Human Performance, Inc., Gerard Dente, Steven Marada, and General Nutrition Corporation, d/b/a/ GNC.

14. Authorizing all of the Common Fund held in trust not required for payment to Authorized Claimants, Class Counsels' attorneys' fees and costs, and costs and expense of administration, to be paid to the Defendant 30 calendar days from the Effective Date.

15. The Court hereby directs the parties to effectuate all terms of the Settlement Agreement.

16. The Court hereby approves the settlement and enters this Judgment. The Court expressly determines that there is no just reason for delay and hereby expressly directs the Clerk of the Court to enter Final Judgment. The Court retains jurisdiction over administration of the distribution and the enforcement of the terms of the Settlement Agreement and any further matters necessary to effectuate the settlement.

17. In the event that the settlement does not become effective in accordance with its terms, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

IT IS SO ORDERED.

Dated: JANUARY 11, 2010

*David O. Carter*
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

GON02-01:589320_2.DOC:12-2-09     - 6 -
[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT